903 P.2d 67

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Richard JONES, Defendant–Appellant.**

No. 21016.

Supreme Court of Idaho,
Boise, January 1995 Term.

Aug. 22, 1995.

Rehearing Denied Oct. 17, 1995.

Mark L. Clark, Nampa, for appellant.

Alan G. Lance, Attorney General and Lynn E. Thomas, Deputy Attorney General, Boise, for respondent. Lynn E. Thomas argued, Boise.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

This is an appeal from the denial of a motion for a new trial. Robert Richard Jones (Jones) was convicted of first degree murder and sentenced to life imprisonment. The facts relevant to the underlying conviction and sentence are discussed at length in this Court's opinion affirming Jones' conviction and sentence on direct appeal. *State v. Jones,* 125 Idaho 477, 873 P.2d 122 (1994) (*Jones I*), *cert. denied,* —— U.S. ——, 115 S.Ct. 260, 130 L.Ed.2d 180 (1994).

Jones and codefendant Jose Alphonso Martinez (Martinez) were convicted of first degree murder for the June 1979 murder of Troy Vance (Vance). The State's theory of the case was that Jones and Martinez were hired by Donna Cordell (Cordell) to kill Vance for twenty or thirty thousand dollars. *Jones I,* 125 Idaho at 481, 873 P.2d at 126. The key witness in both trials was Sherry Wystrach (Wystrach).

Jones filed his first motion for a new trial on July 10, 1991. Among the grounds Jones asserted as the basis for a new trial was:

9. The presentment and admission into evidence by the prosecuting attorney of known perjured testimony by Sherry Wystrach. Newly discovered evidence that will be presented to the Court will establish that Sherry Wystrach at the time of trial was actively participating in the growing and cultivation of marijuana in the State of Oregon. Witness Sherry Wystrach specifically testified at the trial that she was not involved in drugs or alcohol at the time of trial. At the time of trial the prosecuting attorney and/or the Sheriff of Canyon County, Idaho, by and through their agents knew or should have known of the existence of the marijuana manufacturing operation being conducted in witness Sherry Wystrach's home.

The district court found that the evidence offered by Jones was merely impeachment evidence. The district court also held that Jones made no showing that the proffered evidence would probably produce an acquittal. Jones did not appeal that ruling.

On November 15, 1993, Jones filed a motion to employ forensic serologist Joe Snyder (Snyder). Jones sought to have Snyder analyze blood splatters on the weapon used to kill Vance in an effort to determine whether the person who killed Vance was right or left handed. Before that motion was argued, Jones filed a second motion for a new trial, claiming "[n]ewly discovered evidence from Norm O'Driscoll regarding the credibility of the State's chief witness Sherry Wystrach." Jones' motion also alleged that Wystrach had recanted her trial testimony and that the State indicted Cordell so that she would exercise her constitutional right against self-incrimination, thereby depriving Jones of the ability to call her as a witness.

At a hearing on the motions, Jones presented affidavits and exhibits containing statements from Norman J. O'Driscoll

(O'Driscoll). O'Driscoll stated that Wystrach was growing and smoking marijuana and abusing alcohol throughout the period she was testifying on behalf of the State at Jones' trial. Jones also introduced into evidence a psychological evaluation of Wystrach that was prepared by Dr. Robert Engle, Ph.D. The evaluation was prepared in conjunction with a petition Wystrach filed for an increase in Wystrach's visitation rights with her daughter. Jones' argument that Wystrach recanted her trial testimony is based on a sentence in this evaluation where Dr. Engle states that "Ms. Wystrach reported having received no threats upon her life either during her participation in the program or afterwards...." According to the context in which this sentence is made, Dr. Engle's reference to "the program" apparently refers to the witness protection program. The prior paragraph relates that Wystrach was placed in the witness protection program in 1990.

Jones' claim of prosecutorial misconduct was primarily based on testimony from Cordell's attorney that, as long as there was a possibility of Cordell being charged in connection with the Vance murder, he would advise Cordell not to testify about the murder. In response, the State called Richard Harris (Harris), who had been the Canyon County Prosecutor when Cordell was indicted and during the prosecutions of Jones and Martinez. Harris testified that he charged Cordell because he believed that the corroborative evidence necessary to prosecute Cordell could be discovered through the ongoing investigation. Harris testified that he did not indict Cordell to prevent her from testifying. Because the State's only evidence against Cordell was testimony from an accomplice, Wystrach, the State could not prosecute Cordell without some corroborative evidence. Harris testified that investigators unsuccessfully attempted to establish corroboration up to the time the indictment against Cordell was dismissed.

The State also called Wystrach, who denied ever having recanted any of her trial testimony. Wystrach stated that she told the interviewing psychiatrist that Wystrach's daughter had never been threatened while Wystrach was in the witness protection program, and that the psychiatrist's notation was inaccurate.

Following oral argument, the district court denied Jones' motion for a new trial from the bench. The district court found that the proposed evidence about Wystrach's substance abuse was cumulative evidence offered only to challenge the credibility of a witness who was extensively cross-examined on these issues at trial. The district court rejected the proposition that the prosecutor had indicted Cordell in order to keep her from testifying, and found that Cordell's testimony would not have had a measurable effect on the jury's findings. The district court also noted that Cordell would be unlikely to testify if Jones' motion for a new trial were granted.

The district court also denied Jones' motion to have a forensic serologist appointed, finding that the evidence was readily available for examination at the time of the trial and that Jones presented no additional reason why the district court should consider it after trial. Jones appeals the district court's denial of his motion for a new trial and motion to hire a forensic serologist to this Court.

## II.

### NEWLY DISCOVERED EVIDENCE

■ The argument Jones presents under this issue is identical to the argument Jones presented in his first motion for a new trial. That motion was denied and Jones did not appeal. Jones had a full and fair opportunity to litigate this issue and is now foreclosed from raising that claim. *Aragon v. State,* 114 Idaho 758, 764–65, 760 P.2d 1174, 1180–81 (1988); *Kraft v. State,* 100 Idaho 671, 673, 603 P.2d 1005, 1007 (1979). The district court's denial of Jones' motion for a new trial based on newly discovered evidence is affirmed.

## III.

### RECANTED TESTIMONY

■ Because Wystrach testified that she had not recanted her trial testimony, the test

to be applied by this Court when reviewing the trial court's denial of Jones' motion, and by the trial court when ruling on the motion, is the test for granting a trial on the basis of newly discovered evidence. *State v. Fields,* 127 Idaho 904, 908 P.2d 1211 (1995). Under the test for newly discovered evidence, this court must determine

"(1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence be material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that the failure to learn of the evidence was due to no lack of diligence on the part of the defendant."

*Id.,* (quoting *State v. Drapeau,* 97 Idaho 685, 691, 551 P.2d 972, 978 (1976)).

■ The district court correctly perceived this question as requiring the exercise of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices presented to it, and arrived at its decision through an exercise of reason. We therefore conclude that the district court did not err in finding that the statements in Dr. Engle's report would not probably produce an acquittal if a new trial were granted.

## IV.

### PROSECUTORIAL MISCONDUCT

■ The grounds upon which a district court may grant a new trial to a noncapital criminal defendant are set out in I.C. § 19–2406. This Court has consistently recognized that this section is a legitimate exercise of the legislature's power to define the substantive law of this state, and sets out an exclusive list of the grounds for a new trial. *See State v. Weise,* 75 Idaho 404, 410, 273 P.2d 97, 100 (1954) ("The grounds for a new trial are purely statutory. The court cannot provide any other ground."); *State v. Lankford,* 116 Idaho 860, 873, 781 P.2d 197, 210 (1989) ("We note from the outset that while the decision of whether to grant a new trial is a discretionary matter for the trial judge[,] Idaho Code § 19–2406(7), limits the instances in which that discretion may be exercised.") (footnote omitted), *cert. denied,* 497 U.S.

1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990). Allegations of prosecutorial misconduct at trial are not among the grounds for a new trial provided by I.C. § 19–2406. Accordingly, the trial court did not abuse its discretion in denying Jones' motion on that basis. *Cf. State v. Davis,* 127 Idaho 62, 64, 896 P.2d 970, 972 (1995) (no abuse of discretion in denial of new trial motion where grounds not provided for by statute).

## V.

### MOTION TO EMPLOY A DEFENSE EXPERT

■ This Court reviews the decision of a trial court to appoint or not appoint an expert to assist the defendant through an abuse of discretion standard. *State v. Brown,* 121 Idaho 385, 392, 825 P.2d 482, 489 (1992); *State v. Griffiths,* 101 Idaho 163, 165, 610 P.2d 522, 524 (1980). Jones did not move for the appointment of the expert before or even during trial. Jones presented no statement of specifically what the expert could discover. Nothing in the record indicates that the trial court's failure to appoint an expert after the trial to search for undisclosed evidence of unknown probative value was an abuse of discretion. Applying the standard for reviewing an alleged abuse of discretion set out in *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989), we conclude that the trial court did not abuse its discretion by denying Jones' motion.

## VI.

### CONCLUSION

The district court's denial of Jones' motions for a new trial and to hire an expert witness are affirmed. Having concluded that the trial court committed no error below, we also deny Jones' claim of cumulative error.

JOHNSON, TROUT and SILAK, JJ., and TRANSTRUM, J. Pro tem., concur.