16 P.3d 890

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rodney Benson PAGE, Defendant–Appellant.**

No. 24960.

Supreme Court of Idaho,
Boise, January 2000 Term.

Sept. 5, 2000.

Rehearing Denied Jan. 25, 2001.

Matthews Law Offices, Boise, for appellant. Ellison M. Matthews argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Kenneth K. Jorgenson argued.

SCHROEDER, Justice.

Rodney Benson Page (Page) appeals the judgment of conviction and sentence entered against him for the crime of aggravated assault.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Around 1:00 a.m., on August 31, 1997, James Atkinson (Atkinson) was driving a Dodge Stealth in which Page was the only passenger. Atkinson "peeled-out" while in a downtown parking lot in Boise which drew the attention of the Boise City Police Officers who were on duty that night.

Officers Bill Smith and Chris Rogers approached the vehicle while it was still in the parking lot. They identified themselves as police officers and asked Atkinson to stop the vehicle. Atkinson continued to move the vehicle forward slowly. The officers insisted repeatedly that Atkinson stop the vehicle, but he increased his speed and drove towards Sixth Street.

When the vehicle reached Sixth Street, Officer Smith grabbed Atkinson's arm through the open car window and ordered him to stop. When Atkinson continued, Rogers dove in the vehicle's open window, knocking Smith aside, and pulled-back on the emergency brake in an effort to stop the vehicle. Although Rogers was partially inside the vehicle, Atkinson accelerated southbound toward Front Street. According to Rogers, Page yelled, "Go, go, go." Rogers continued to order Atkinson to stop. Rogers testified that as the vehicle sped along the street, Page yelled, "Scrape him off, scrape him off." Rogers attempted to grab the steering wheel with his left hand, but he was not able to control the vehicle. After another effort to get the driver to stop, Rogers fired a single shot from his pistol into Atkinson's head, killing him.

Page was charged with aggravated assault pursuant to Idaho Code § 18–901, I.C. § 18–905(a) and/or (b), and I.C. § 18–204. He was found guilty of aggravated assault. The district court sentenced Page to prison in the custody of the State Board of Corrections for a term of ten years, with the first five years being fixed, and the remaining five years being indeterminate. The district court applied the sentencing provisions of I.C. § 18–915.

Page filed a motion for a new trial which the district court denied. Page appealed to this Court.

## II.

### THE DISTRICT COURT DID NOT ERR IN ALLOWING ROGERS TO TESTIFY AS TO ATKINSON'S PERCEPTIONS.

Page asserts that the district court improperly allowed Rogers to testify about James Atkinson's mental perception. The State argues that the questions were directed toward Atkinson's actions. The following questions were asked by the State during its direct examination of Rogers:

Q: [By Mr. Rosenthal]: Officer Rogers, as you were going down 6th Street hung up on that car, who was controlling the vehicle?

A: The driver.

Q: Is it your view and testimony that the passenger was directing the driver, at least a portion of his activities?

A: Yes, he did.

Q: And upon those directions did the driver respond and do the things the passenger said?

[Mr. Matthews]: I object, Your Honor. That's calling for speculation by this witness. His observations, Your Honor.

[The Court]: I will overrule this objection.

Q: [By Mr. Rosenthal]: Answer?

A: Yes, he did.

■ While the form of the question is couched in terms of Rogers testifying as to what was in Atkinson's mind, a reasonable interpretation of the question is that Rogers was called upon to state what happened. All Rogers could know was what he heard and saw. He had previously testified to those facts. The form of the question is problematic, but no one would be misled to believe that Rogers could read Atkinson's mind. The district judge did not abuse his discretion in allowing the question and answer.

## III.

### THE DISTRICT COURT DID NOT ERR BY ALLOWING EVIDENCE OF PAGE'S PRIOR CONVICTION.

Page argues that the district court erred in allowing evidence of a prior felony, conspiracy to commit robbery, to be introduced in cross-examination to impeach him.

Rule 609, of the Idaho Rules of Evidence, provides, in pertinent part:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness.

I.R.E. 609(a).

Under this rule the trial court must apply a two-prong test to determine whether evidence of the prior conviction should be admitted: (1) the court must determine whether the fact or nature of the conviction is relevant to the witness' credibility; and (2) if so, the court must determine whether the probative value of the evidence outweighs its prejudicial impact. *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999). In reviewing the trial court's decision as to the first prong concerning relevance, the standard of review is *de novo*. *Id.* (*citing State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993)). In reviewing the trial court's decision as to the second prong concerning whether the probative value of the evidence outweighs its prejudicial impact, the standard of review is abuse of discretion. *Id.* at 630, 977 P.2d at 892. When reviewing an exercise of discretion on appeal, this Court conducts the following inquiry: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer bounds of such discretion and consistent with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981), the Court recognized that different felonies have different degrees of probative value on the issue of credibility. Robbery was noted as one of the felonies that bears on credibility. The district judge in this case determined that there was no significant difference between robbery and conspiracy to commit robbery so far as the question of credibility is concerned. This Court agrees.

Page argues that the district court should only have permitted evidence of the fact of the prior conviction and not the nature of the prior conviction. In *State v. Bush*, 131 Idaho 22, 31, 951 P.2d 1249, 1257 (1997), this Court stated that "the determination whether evidence of a particular felony conviction is relevant to credibility depends on the particular facts and circumstances of each case and must therefore be decided on a case-by-case basis." The district court made the following statement concerning the decision to allow evidence of the nature, but not circumstances, of the prior felony:

The prejudicial impact of the prior felony was lessened by the fact that the State was not permitted to question the Defendant or offer evidence regarding the circumstances of the felony. The State contended that the Defendant and another had conspired to rob a bar and rape the female bartender. The shock value of the prior conviction was much less than the shock value of the facts presented in the instant case. Rather than merely conspiring to commit a crime in the future, the evidence in this case showed that the Defendant encouraged the driver of the car to scrape Officer Rogers off the car under circumstances which could easily have killed the driver. This Court is not convinced that it erred in ruling that the State could impeach the Defendant by offering evidence that the Defendant had been convicted of conspiracy to commit robbery.

The district court recognized that it had discretion in determining the use of the prior felony; it acted within the outer bounds of that discretion, consistent with legal standards; and, it exercised reason in reaching its decision.

## IV.

### THE DISTRICT COURT ERRED IN DETERMINING PHOTOGRAPHS OFFERED BY PAGE WERE IRRELEVANT BUT DID NOT ERR IN EXCLUDING THE PHOTOGRAPHS ON THE BASIS THAT THEIR PREJUDICIAL IMPACT OUTWEIGHED THEIR PROBATIVE VALUE.

Page argues that the district court erred in excluding two photographs of the crime scene which he maintains provide evidence bearing upon the extent of his injuries and the accuracy of Rogers' testimony concerning his position in the vehicle. The district court excluded the exhibits on the basis that they were irrelevant.

■ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401; *State v. Byington*, 132 Idaho 597, 603, 977 P.2d 211, 217 (Ct.App.1998). Whether evidence is relevant is an issue of law. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). *State v. Lamphere*, 130 Idaho 630, 632, 945 P.2d 1, 3 (1997). This Court's standard of review on issues of relevance is *de novo*.

■ Evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403. The trial court's conclusions of whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice is reviewed under an abuse of discretion standard. *State v. Matthews*, 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App.1993).

Exhibit H is a photograph of Page being treated for injuries sustained in the accident.

Exhibit J displays the interior of the Dodge Stealth. The district court ruled on two bases: (1) that neither of these exhibits was relevant to the proceedings because the defense had not shown a foundation to prove the relevance of the photographs. The district court held that the exhibits were not relevant because they did not provide corroborative evidence of Page's ability or inability to recall specifics during his testimony. (2) The district court also concluded that the probative value of the exhibits was outweighed by the danger of unfair prejudice. The district court reasoned that the purpose of Exhibit J in particular was to elicit sympathy for Page. Moreover, the jurors could not determine from Exhibit J whether Page's injuries were severe enough to cause memory loss.

■ Both exhibits are relevant to the extent of Page's injuries. Page's physical condition and the impact to the vehicle are shown. A jury might use this information to determine the effect of the impact upon Page's ability to recall facts. Since credibility was central to this case, evidence related to the physical and emotional condition of the participants following the accident was relevant. The district court erred in determining otherwise.

■ The district court ruled that even if the photographs were relevant, their prejudicial effect outweighed their probative value. This is a discretionary decision that will not be overturned absent an abuse of discretion. The district court had the entirety of the evidence before it and could weigh the prejudicial impact the photographs might have on the jury against any probative value. The Court cannot say there was an abuse of discretion by the district court in this determination.

## V.

### THE DISTRICT COURT'S DECISION TO ALLOW THE POLICE OFFICERS TO WEAR THEIR FIREARMS WHILE TESTIFYING IS QUESTIONABLE, BUT WITHIN THE DISCRETION OF THE DISTRICT COURT.

Counsel for Page objected to the police officers wearing firearms during their testi-

mony at trial. The objection was broadly based, including the influence the display of authority might have on the jury and the particular impact of Officer Rogers wearing a weapon in the presence of the Atkinson family whose son was killed by Officer Rogers. The district judge commented that the "concerns are absurd," basing that remark on the belief that people are accustomed to seeing officers in uniform with guns. The district court's decision raises serious questions.[1]

 The concern expressed by Page's attorney for the feelings of the Atkinson family goes to a question of decency, not the fairness of the trial itself. Some might believe that sympathy for the family would lead to a different decision, but the emotional distress of Atkinson's family does not implicate denial of a fair trial to Page.

 There are, however, concerns as to the district court's decision that relate to the fairness of the trial. Arguably, allowing the officers to appear with firearms is a form of vouching for their credibility. One could conclude that they alone are trustworthy enough to have weapons in the courtroom— the jurors themselves and all other witnesses will have gone through screening in the Ada County Courthouse to assure that they do not have weapons. In the case of Officer Rogers it may be a signal that he is in good standing and no disciplinary action was taken. Whether disciplinary action was taken against a police officer is likely to affect any credibility assessment undertaken by the jurors. Some may see the permission to wear a firearm on the witness stand as the court itself recognizing the officers as being more worthy of trust than other witnesses. In this case credibility was fundamental. The characterization of the defense's objection as "absurd" missed the point of defense concerns. However, the district court gave a final explanation:

I don't think it's a different situation. If I thought it was going to affect the jury's verdict one way or the other, I would tell them to get out of uniform, but I don't

think it will. And in part certainly some of the officers are entitled to come in uniform because one of the issues is did the defendant know they were police officers. So they certainly should be able to come in uniform like the ones they were wearing to show what he would have seen because— as to know whether or not they were police officers.

The district court correctly perceived the issue as one of discretion and acted within the outer bounds of such discretion, consistent with legal standards applicable to the choices. The district court reached its decision by an exercise of reason. This Court cannot say there was an abuse of discretion in the decision to allow officers to appear in the court with their firearms, since this represented to the jury the appearance of the police participants on the night of the events of concern.

## VI.

## THE DISTRICT COURT REQUIRED THE JURY TO FIND BEYOND A REASONABLE DOUBT THAT PAGE KNEW CHRISTOPHER ROGERS WAS A POLICE OFFICER.

 Page contends that the jury was improperly instructed as to the burden of proof which required the jury to find that Officer Rogers was a Boise City police officer. Jury Instruction Number 11 stated the following:

If you find the defendant guilty, you must next consider whether the state has proven both of the following:

(1) at the time of the offense, Christopher M. Rogers was a peace officer, and

(2) the defendant knew or had reason to know Christopher M. Rogers was a peace officer.

You must indicate on the verdict form whether or not both of the above circumstances have been proved beyond a reasonable doubt.

---

1. No evidence was presented as to the current status of any administrative rules regarding the presence of firearms in the Ada County Courthouse. The long-standing administrative policy that had forbade the presence of firearms by all but authorized security personnel apparently has been revoked or is ignored.

When reviewing a district court's decision to give a particular instruction the Court exercises free review. *State v. Gittins*, 129 Idaho 54, 56, 921 P.2d 754, 756 (Ct.App.1996) (citing *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992).) The question is whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law. *State v. Babb*, 125 Idaho 934, 941, 877 P.2d 905, 912 (1994). To be considered reversible error an instruction must have misled the jury or prejudiced the complaining party.

Reading the instructions as a whole, it is clear that the jury was properly instructed on the burden of proof. The jury was required to find beyond a reasonable doubt that Page knew Rogers was a police officer.

## VII.

## THE DISTRICT COURT DID NOT ERR IN REFUSING TO INSTRUCT THE JURY THAT PAGE COULD RESIST ARREST IF THE OFFICERS USED EXCESSIVE FORCE.

Page argues that the district court should have instructed the jury on the use of excessive force by an officer. A defendant in a criminal action is entitled to have his legal theory of the case submitted to the jury under proper instructions. *State v. Johns*, 112 Idaho 873, 880–81, 736 P.2d 1327, 1334–35 (1987). However, refusal of a defendant's requested instruction is not error if the proposed statement is an erroneous statement of the law, or is not supported by the evidence, or constitutes an impermissible comment on the evidence, or is adequately covered by other instructions given by the court. *Id.* at 881, 736 P.2d 1327. To determine whether a proposed instruction should have been given, the Court must examine the instructions that were given and the evidence adduced at trial. *Id.* at 881, 736 P.2d 1327.

The district court stated the following in response to Page's motion for a new trial:

[T]he Defendant contends that it was error to give Instruction No. 12, which basically states that a person cannot use force or violence to resist being seized by a police officer even if the officer is acting unlawfully or unreasonably in attempting to seize the person. The Defendant contends that the jury should also have been instructed on a person's right to use reasonable force to defend himself against an officer's use of excessive force. That issue was not raised by any facts in this case, however.

The evidence presented at trial did not establish a basis to give an instruction on excessive force by the police officer towards Page. The force used by the officer was directed towards Atkinson, not Page. The issue presented by Page's testimony was whether he encouraged Atkinson to attempt to harm the officer. Page said he did nothing. The defense of resisting excessive force was irrelevant to his claim.

## VIII.

## THE DISTRICT COURT DID NOT ERR IN SENTENCING PAGE PURSUANT TO I.C. § 18–915.

The complaint that was filed in the magistrate court and the information subsequently filed in the district court following preliminary hearing charged Page with aggravated assault pursuant to I.C. § 18–905. Idaho Code § 18–906 provides that the maximum punishment for aggravated assault is five (5) years imprisonment and/or a $5,000.00 fine. Neither the complaint nor the information referred to I.C. § 18–915, which doubles the maximum punishment in cases where the defendant knows the victim is a police officer.

The body of the information sets forth the facts necessary to apply I.C. § 18–915:

GREG H. BOWER, Prosecuting Attorney, in and for the County of Ada, State of Idaho, who in the name and by the authority of the State, prosecutes in its behalf, comes now into District Court of the County of Ada, and states that RODNEY B. PAGE is/are accused by this Information of the crime(s) of: AGGRAVATED ASSAULT, FELONY, I.C. § 18–901, I.C. § 18–905(a), I.C. § 18–204 which crime(s) was/were committed as follows:

That the defendant RODNEY B. PAGE, on or about the 31 st day of August, 1997, in the County of Ada, State of Idaho, did aid and abet Justin Atkinson in unlawfully and with apparent ability attempting to commit a violent injury upon the person of Chris Rogers, who they knew to be a Boise City Police Officer acting within the scope of his official duties, with a means likely to produce great bodily harm, to-wit: a 1993 Dodge Stealth automobile by dragging Officer Rogers with the automobile at a high rate of speed when Officer Rogers was partially stuck in the automobile and then by attempting to run the automobile and Officer Rogers against street signs and other fixed objects. Justin Atkinson doing the actual driving of the automobile while the defendant, RODNEY B. PAGE, advised and encouraged by telling Atkinson to drive the auto at a high rate of speed to "scrape" Officer Rogers off of the car.

At the arraignment in district court, the district judge advised Page that the maximum punishment was five years imprisonment and a $5,000 fine. Page was not advised of the potential ten-year/$10,000 penalty pursuant to § 18–915 prior to the conclusion of the evidence at trial.

■ Page maintains that his due process rights were violated in that (1) he was convicted of a crime with which he was not charged; (2) he was sentenced to a term beyond that allowed for the crime with which he was charged; (3) he was sentenced for a term beyond that he was told by the district court he could receive. The State maintains that I.C. § 18–915 is a sentencing enhancement provision that does not define a separate offense. Further, the State argues that the information gave specific notice that the alleged victim was a Boise City Police officer which adequately notified Page of the nature of the charge and any enhancement provisions.

Idaho Criminal Rule 7 embodies the elements of notice necessary for due process, providing in relevant part:

> The indictment or information shall state for each count the official or customary citation of the statute, rule or regulation or other provision of law which the defendant

is alleged to have violated. Error in the citation or its omission shall not be grounds for dismissal of the indictment or information or for the reversal of the conviction if the error or omission did not mislead the defendant to the defendant's prejudice.

The information in this case did not set forth the official or customary citation of the statute related to the penalties for aggravated assault upon a police officer, but it did set forth the facts necessary to advise Page that he was charged with aggravated assault and that the alleged victim was a police officer. All the factual elements for a charge punishable pursuant to I.C. § 18–915 were set forth. The question is whether the lack of a citation as to the possible penalties misled Page to his prejudice.

It appears from this record that Page was misled by the omission. The district court did not advise of all the possible penalties before trial. However, the record does not establish that Page was prejudiced. He was notified by the information of the facts charged. He went to trial. The State was required to prove the facts constituting aggravated assault on a police officer beyond a reasonable doubt. Page testified as to his perceptions that the persons outside the car were a mob, not police officers. He asserts that he was prejudiced in the options he might have exercised, but nothing in this record establishes that prejudice. The Court cannot speculate on whether a showing of prejudice might be demonstrated or made in other proceedings. Page has shown a defect in the information and a defect in the advice of penalties by the district court, but he has not shown prejudice to him from those defects.

## IX.

## THE DISTRICT COURT DID NOT ERR IN DENYING PAGE'S MOTION FOR A NEW TRIAL BASED ON PROSECUTORIAL MISCONDUCT.

Page argues that the prosecutor engaged in acts of misconduct during the course of the trial that deprived him of a fair trial. Ac-

cording to Page, the cumulative effect of the claimed acts of misconduct should be considered in determining his right to a new trial.

■ The first claim is that the prosecutor improperly commented upon Page's right to remain silent. In the course of examining Page the prosecutor made this comment: "That's right, you didn't testify at the preliminary hearing about what you had done that day, so –." Counsel for Page objected, and the district judge sustained the objection.

■ A defendant in a criminal case is never required to testify at any stage of the proceedings, and the prosecutor is not permitted to comment on an accused's exercise of this right. *Griffin v. California,* 380 U.S. 609, 614, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106, 109–10 (1965). The defense's objection and the district court's ruling interrupted what may have developed into a clear violation of the constitutional limitation.

■ Page also maintains that the prosecutor made disparaging comments and engaged in personal attacks on defense counsel during closing arguments to the jury. It is misconduct for a prosecutor to disparage a defense attorney in closing argument. *State v. Baruth,* 107 Idaho 651, 656, 691 P.2d 1266, 1271 (Ct.App.1984). The prosecutor made the following statements:

> I would suggest, ladies and gentlemen, that Mr. Matthews is wrong in his statement, misstatement, and misdirection. Folks, I'll go through that in greater detail as I go through my comments. But I would suggest with all due respect that Mr. Matthews wants you to play what he and I often play, lawyer games, word games. We live and function with words, using them, misusing them, putting them in people's mouths. And again, that's what we do. I would suggest, ladies and gentlemen, word games are what he did in this case. I would ask you to read the two statements that have been introduced into evidence.

The defense did not object at the time the comments were made and defense counsel responded to them vigorously in his own closing argument.

■ The threshold question is whether the Court can consider a claim for a new trial based upon prosecutorial misconduct. The Court made the following statement in *State v. Jones,* 127 Idaho 478, 481, 903 P.2d 67, 70 (1995):

> The grounds upon which a district court may grant a new trial to a noncapital criminal defendant are set out in I.C. § 19–2406. The Court has consistently recognized that this section is a legitimate exercise of the legislature's power to define the substantive law of this state, and sets out an exclusive list of the grounds for a new trial. *See State v. Weise,* 75 Idaho 404, 410, 273 P.2d 97, 100 (1954) ("The grounds for new trial are purely statutory. The court cannot provide any other ground."); *State v. Lankford,* 116 Idaho 860, 873, 781 P.2d 197, 210 (1989) ("We note from the outset that while the decision of whether to grant a new trial is a discretionary matter for the trial judge[,] Idaho Code § 19–2406(7), limits the instances in which that discretion may be exercised.") (footnote omitted), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990). Allegations of prosecutorial misconduct at trial are not among the grounds for a new trial provided by I.C. § 19–2406. Accordingly, the trial court did not abuse its discretion in denying Jones' motion on that basis.

In this case the district court denied the motion for new trial on the basis that prosecutorial misconduct is not grounds for new trial. That ruling is consistent with the rulings of this court and is not an abuse of discretion.

## X.

## CONCLUSION

The judgment of conviction and sentence imposed in the district court is affirmed.

Chief Justice TROUT and Justice WALTERS concur.

Justice KIDWELL concurs in parts I–VIII and part X.

Justice SILAK heard the arguments but did not participate in the decision.

Justice SCHROEDER, Concurring in the result as to Part IX.

I agree with the result in part IX so far as it determines that Page's motion for new trial based on prosecutorial misconduct was properly denied. The Court relies upon established authority that prosecutorial misconduct is not a grounds for mistrial in a non-capital case. That is what the Court has said in the past, so the decision is well-founded on authority. However, it is precedent this Court will be called upon to abandon in the egregious case when a non-capital conviction is clearly tainted by misconduct. A defendant is entitled to a fair trial regardless of a statutory scheme that attempts to carve out an area where the results of a trial must stand even when a fair trial is denied.

In this case there was no prosecutorial misconduct that could reasonably be construed as influencing the outcome of the trial. Therefore, I concur in the result as to part IX.

Justice KIDWELL, concurring in the result as to part IX.