172 P.3d 1136

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary Lynn MORGAN, Defendant–Appellant.**

No. 32371.

Court of Appeals of Idaho.

Sept. 26, 2007.

Review Denied Dec. 7, 2007.

862

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

WALTERS, Judge Pro Tem.

Gary Lynn Morgan appeals from the judgment of conviction entered by the district court following a jury verdict of guilty on two counts of lewd conduct with a minor child under sixteen years of age. Morgan contends that the district court erred by failing to grant Morgan's motion for a mistrial based upon comments made by the prosecutor in the presence of the jury, and by failing to grant Morgan's subsequent motion for a new trial after the jury's verdict, based upon the same comments by the prosecutor. We affirm.

## I.

## BACKGROUND

The following facts are relevant to the issues raised on appeal. The state charged Morgan with two counts of lewd conduct with a minor under sixteen, I.C. § 18–1508. The charge was based on allegations that while living with his mother who operated a day-care center, Morgan sexually abused one of the boys in his mother's care on two occasions when Morgan forced the boy to perform oral sex on him. Morgan was thirty-eight years old and the boy was four years old at the time. Morgan asserted an alibi defense. Immediately prior to trial, Morgan's attorney represented to the district court and to the prosecutor, in chambers, that Morgan would testify on his own behalf. Relying on this representation, the prosecutor informed the jury during his opening

statement (after outlining the substance of the testimony to be given by the state's witnesses) that Morgan's counsel "has indicated that Gary Morgan is going to testify too." Morgan's attorney did not immediately object to this statement by the prosecutor, but later raised it as a basis for a motion for mistrial.

At the conclusion of the state's case-in-chief, Morgan's attorney again represented to the court and the prosecutor, in chambers, that Morgan would be called as a witness in his own defense. Upon reconvening in open court, Morgan called the investigating officer, Detective Timony, as his first witness. On direct examination, Morgan's attorney established that the officer had interviewed Morgan as part of his investigation but did not tape-record his conversations with Morgan. Morgan's attorney then questioned the detective about Morgan's reaction when he was confronted with the boy's accusation against him, and the following took place:

Defense Counsel: Did Gary express to you a concern that he didn't know who you were talking about?

Prosecutor: Object, Your Honor. It's leading and it's hearsay.

Defense Counsel: In the absence of having the tape, Your Honor, it's the only way I can ask these questions.

The Court: All right. Yeah.

Prosecutor: Mr. Morgan is here, and he can testify as to what he expressed.

The Court: No. No.

Defense Counsel: If he keeps talking like that, we're going to have a mistrial.

The Court: Yeah. Overrule the objection.

Defense Counsel: Okay. My question, then—

The Court: In fact, Counsel, approach the bench.

At this point, a bench conference was held. The content of that discussion is not included in the record. The proceeding then continued before the jury:

Defense Counsel: Did Gary express to you that he didn't remember who [the boy] was?

Prosecutor: Object. Hearsay.

Defense Counsel: Once again, the officer didn't tape-record it. That's the only way to get this information in, Your Honor. Prosecutor: It calls for an out-of-court statement offered to prove the truth of the matter asserted.

The Court: I'm going to think about this. All right. Ladies and gentlemen, I've got to figure out this issue. And so I'm going to take a recess at this time.

The jury was excused from the courtroom while the district court entertained argument on the objection interposed by the prosecutor. As part of his argument supporting admissibility, Morgan's attorney moved for a mistrial, arguing that the prosecutor's comment that Morgan could testify as to what he expressed to the detective, together with the comment the prosecutor made in his opening statement that Morgan would testify for the defense, "infringe[d] on [Morgan's] constitutional right to remain silent and has now put somewhat of a burden on him to have to testify." The district court reserved ruling on the mistrial motion at that time, but did overrule the state's objection to the question posed by Morgan's attorney to the detective. The jury was returned to the courtroom and the presentation of evidence was resumed.

Later, before calling Morgan as a witness, Morgan's attorney asked the court to revisit the motion for a mistrial. After hearing the arguments of counsel and reviewing the applicable law, the court declined to declare a mistrial, indicating that it was "not at all persuaded that [the prosecutor's comments] would have that prejudicial an effect." After being advised by the district court of its ruling, Morgan took the stand and testified on his own behalf.

The jury found Morgan guilty of two counts of lewd conduct with a minor child under the age of sixteen. Morgan filed a motion for a new trial, asserting, among other grounds, that the district court erred in denying his motion for a mistrial. After hearing arguments on the motion, the district court denied the motion by written order. The court entered judgment on the jury's verdicts and sentenced Morgan to life imprisonment with ten years fixed on each count, to run concurrently. Morgan then pursued this appeal. He contends the district court erred by failing to grant either Morgan's motion for a mistrial or his motion for a new trial, both of which were predicated on the prosecutor's comments concerning Morgan as a witness, which Morgan characterizes as infringing on his right to remain silent.

## II.

## ANALYSIS

### A. Mistrial Motion

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. This rule provides in part that "[a] mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." In *State v. Barcella*, 135 Idaho 191, 16 P.3d 288 (Ct.App.2000), we explained the well-established standard for review of a refusal to grant a mistrial:

[T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the 'abuse of discretion' standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*Barcella*, 135 Idaho at 197, 16 P.3d at 294, quoting *State v. Shepherd*, 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct.App.1993). See also *State v. Atkinson*, 124 Idaho 816, 818, 864 P.2d 654, 656 (Ct.App.1993); *State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983). The error will be deemed

harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction. *Shepherd,* 124 Idaho at 58, 855 P.2d at 895, citing *State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981).

The district court applied these same principles in its analysis of Morgan's contention that the prosecutor's reference to Morgan's availability to testify constituted an improper comment on Morgan's Fifth Amendment right to remain silent and forced him to testify. The court determined that Morgan was not unfairly prejudiced by the prosecutor's comments, which were made in reliance on defense counsel's repeated representations that Morgan would, in fact, testify. In its written order denying Morgan's request for a new trial, the district court reviewed the entire proceedings and held:

> Consequently, this Court concludes that while the comments of the prosecutor were at least ill-advised, and arguably improper, the Court concludes that those comments did not prejudice [Morgan's] right to a fair trial on these charges. In this case, [Morgan] did not exercise his right to remain silent, in which event the prosecutor's comments may have been more problematic. Instead, he chose to testify, so the comments of the prosecuting attorney may fairly be characterized as harmless. Further, the Court cannot conclude that the prosecutor's comments forced [Morgan] to forego his right not to testify; the strategy of the defense, which he had labeled as an "alibi defense," placed him in a situation where his testimony was seemingly necessary. By way of example, though his employment time records ultimately did not become part of the record in this case, it was through [Morgan] that they were going to be introduced. Given the totality of the record in this trial, the Court can conclude, beyond a reasonable doubt, that there was no reasonable possibility that the comments complained of contributed to the jury's verdict.

■ We agree with the district court's analysis. This is not a case where the prose-

cutor attempted to create an inference of guilt by presenting evidence that the defendant exercised his right to remain silent during a police interrogation after having received *Miranda*[1] warnings, *see, e.g., State v. Poland,* 116 Idaho 34, 773 P.2d 651 (Ct.App. 1989), or where the prosecutor in closing comments to the jury points to a defendant's failure to testify in the matter as an indication of guilt, *e.g., State v. McMurry,* 143 Idaho 312, 143 P.3d 400 (Ct.App.2006). Rather, Morgan claims that he was denied a fair trial because the prosecutor's comments placed him in a posture that he was *required* to testify, thereby involuntarily giving up his right to remain silent.

The idea that Morgan would be a witness in the case did not originate with the prosecution. Instead, the defense had led the prosecutor to believe on several occasions that Morgan planned to testify on his own behalf, without any adverse comment first coming from the prosecution. As the district court pointed out in its decision, had Morgan chosen not to testify, then the court could have given an instruction to the jury that would have let them know that the prosecutor's representation that Morgan would testify was ill-founded and for them not to draw any inferences from Morgan's choice. Instead, Morgan made the decision to testify in order to support his alibi defense. Thus, although the prosecutor's comments referencing the defendant's role as a prospective witness should not have been made in front of the jury, once the defendant took the stand, the effect of the antecedent comments by the prosecutor became so diluted that they could not have reasonably contributed to the verdict rendered by the jury.

We hold that the prosecutor's comments resulted in a harmless error which did not prejudice the defendant or deny him the right to a fair trial. Accordingly, the district court's decision not to grant a mistrial will be sustained.

**B. Motion for New Trial**

The grounds upon which a district court may grant a new trial to a noncapital criminal defendant are set out in I.C. § 19–2406.

---

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Our appellate courts have consistently recognized that this section is a legitimate exercise of the legislature's power to define the substantive law of this state, and sets out an exclusive list of the grounds for a new trial. *See State v. Weise,* 75 Idaho 404, 410, 273 P.2d 97, 100 (1954) ("The grounds for a new trial are purely statutory. The court cannot provide any other ground."); *State v. Lankford,* 116 Idaho 860, 873, 781 P.2d 197, 210 (1989) ("We note from the outset that while the decision of whether to grant a new trial is a discretionary matter for the trial judge[,] Idaho Code § 19–2406(7) limits the instances in which that discretion may be exercised." (Footnote omitted), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990)).

█ As a ground for a new trial, Morgan cited I.C. § 19–2406(5) and argued that the district court "erred in the decision of [a] question of law arising during the course of the trial" when the court decided not to grant Morgan's motion for a mistrial. We have upheld the court's decision with regard to the mistrial motion and need not revisit that issue with respect to the motion for a new trial.[2]

We conclude that the district court did not err in denying Morgan's motion for a new trial. The order denying a new trial is upheld.

### III.

### CONCLUSION

The district court did not err in denying either Morgan's motion for a mistrial or for a new trial. The judgment of conviction, for two counts of lewd conduct with a minor under the age of sixteen, is affirmed.

Chief Judge PERRY and Judge LANSING concur.

---

2. In his appellate argument, although Morgan maintains that the prosecutor's comments were improper, he does not go so far as to describe the prosecutor's activities as "prosecutorial misconduct," evidently recognizing that allegations of prosecutorial misconduct at trial are not among the grounds for a new trial provided by I.C. § 19–2406 (as distinguished from grounds for a mistrial). *See State v. Jones,* 127 Idaho 478, 903 P.2d 67 (1995). *Cf. State v. Davis,* 127 Idaho 62, 64, 896 P.2d 970, 972 (1995) (no abuse of discretion in denial of new trial motion where grounds not provided for by statute).