IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36411

| | | |
|---|---|---|
| GARY LYNN MORGAN, | ) | 2010 Unpublished Opinion No. 679 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County.  Hon. Renae J. Hoff, District Judge.

Order of the district court summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Gary L. Morgan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Gary Lynn Morgan appeals pro se from the district court order summarily dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While living with his mother, who operated a daycare in her home, Morgan sexually abused one of the children for whom Morgan's mother provided daycare services.  As a result, the state charged Morgan with two counts of lewd conduct with a minor under sixteen.  The jury found Morgan guilty on both counts of lewd conduct with a minor under sixteen.  The district court entered judgment and sentenced Morgan to life imprisonment with ten years fixed on each charge, to run concurrently.  Morgan appealed.  This Court affirmed Morgan's conviction and sentence. *See State v. Morgan*, 144 Idaho 861, 172 P.3d 1136 (Ct. App. 2007).

Morgan thereafter filed a pro se petition for post-conviction relief and supporting affidavit. Morgan alleged that his attorney's failure to object to the trial judge's written answers to two notes with questions received from the jury during their deliberations, and his attorney's failure to request a hung jury instruction after the second note, were ineffective assistance of counsel. Morgan moved for appointment of post-conviction counsel which was granted. The state filed an answer and a motion to dismiss Morgan's petition. The district court held a hearing on the state's motion to dismiss Morgan's petition and, after hearing argument from both sides, summarily dismissed Morgan's petition.[1] Morgan appeals the summary dismissal of his petition.

## II.

## DISCUSSION

Morgan challenges the summary dismissal of his post-conviction claims related to instructions given to the jury in response to their questions. Morgan's post-conviction petition claimed his trial counsel was ineffective for failing to object to the court's responses to these questions, and for failing to move for a mistrial after the second jury question. On appeal, Morgan now claims "the district court erred by giving an improper 'dynamite instruction,'" and argues that the court's failure to tell the jury that if it was "unable to come to a unanimous decision the court would declare a mistrial and that the prosecutor would decide whether to seek a new trial, and the case may be retried before another jury," violated his due process rights.

### A.    Claim of Error by the District Court

It is well settled that issues not raised before the trial court will not be considered for the first time on appeal. *State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991); *State v. Adams*, 138 Idaho 624, 628, 67 P.3d 103, 107 (Ct. App. 2003). Constitutional issues are generally not considered on appeal unless they are properly raised below. *Adams*, 138 Idaho at 628, 67 P.3d at 107.

Morgan raised the issue of the trial court's answers for the first time in his petition for post-conviction relief and did so in the context of ineffective assistance of counsel for his attorney's failure to object to the trial court's answers or move for a mistrial. On appeal, Morgan appears to abandon the ineffective assistance of counsel claims and instead directly challenges

---

[1]    An evidentiary hearing was held on a separate claim alleging trial counsel's failure to timely disclose Morgan's work records. The district court denied this claim and Morgan on appeal does not challenge the district court's decision denying post-conviction relief thereon.

the court's answers as error constituting a violation of due process.  As such, Morgan has failed to preserve this issue for appeal outside the context of ineffective assistance of counsel.

**B.      Claim of Ineffective Assistance of Counsel**

An action for post-conviction relief is civil in nature and is governed by the Idaho Rules of Civil Procedure.  *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995); *Mata v. State*, 124 Idaho 588, 591, 861 P.2d 1253, 1256 (Ct. App. 1993).  Such an action may be summarily dismissed, either on the state's motion or upon the court's own initiative, if the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to the requested relief.  I.C. § 19-4906; *Medrano v. State*, 127 Idaho 639, 643, 903 P.2d 1336, 1340 (Ct. App. 1995); *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct. App. 1991).  For purposes of considering a summary dismissal motion, an applicant's uncontroverted factual allegations contained in an application for post-conviction relief and supporting affidavits are deemed to be true.  *Dunlap v. State*, 126 Idaho 901, 904, 894 P.2d 134, 137 (Ct. App. 1995); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct. App. 1987).  Therefore, on appeal from the summary dismissal of an application for post-conviction relief the inquiry is whether the application, affidavits, or other evidence supporting the application allege facts which, if true, would entitle the applicant to relief.  *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990); *Roman*, 125 Idaho at 647, 873 P.2d at 901; *Whitehawk v. State*, 116 Idaho 831, 833, 780 P.2d 153, 155 (Ct. App. 1989).

The standard for evaluating a claim of ineffective assistance of counsel is established by *Strickland v. Washington*, 466 U.S. 668 (1984), where it is stated that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id*. at 686.  The Court set forth the two standards that a defendant must satisfy to prevail on such a claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

3

*Strickland*, 466 U.S. at 687. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Id*. at 694.

During deliberations at Morgan's jury trial, the jury sent out two questions regarding their ability to reach a unanimous verdict. The first question read, "Please instruct we, the jury members, what we need to do if we are unable to come to a unanimous decision." Upon receipt of the question, the district court called both attorneys into the courtroom and read them the question. The court then read its response and gave the attorneys the opportunity to object or respond accordingly. The court's written response stated, "As you have been previously instructed, your verdict with regard to each count must be unanimous. It is up to you, the jury, to determine whether or not deliberations should continue, with regard to either or both charges. The court and counsel leave that decision up to you, in the exercise of your consciences." Both parties' attorneys approved the answer, and the court provided them copies of both the question and answer.

Approximately two hours later the jury sent out another written question that read, "What happens if all but one of us can't come up with a verdict?" The district court again called trial counsel into the courtroom, allowed them to read the question and the court's answer and gave both parties the opportunity to respond or object. The court responded by instructing the jury, "As you have been instructed previously, with regard to each offense/count charged, any verdict you reach must be unanimous. It is for the jury to decide whether or not a unanimous verdict can be reached with respect to each count/offense charged." Again, neither party objected to the court's response and each received copies of the question and answer. The jury returned with a verdict finding Morgan guilty of both charges approximately one hour later.

Morgan relies heavily on *State v. Gomez*, 137 Idaho 671, 52 P.3d 315 (2002), to support his allegations that the district court issued an impermissible "dynamite instruction" and that the court should have informed the jury of "the option of being a hung jury." The *Gomez* case, however, is distinguishable from Morgan's case. In *Gomez*, the jurors inquired what would happen if they could not reach a unanimous verdict. *Gomez*, 137 Idaho at 676, 52 P.3d 320. The trial court explained the concept of a "hung" or "deadlocked" jury and then informed the jury that if they became deadlocked, it would declare a mistrial and "'further proceedings from that point are governed by Idaho law and the Rules of Criminal Procedure,' and that it would be as if

4

[the] trial never occurred." *Id.* The questions between the jury and the court continued at length, with the jury appearing quite confused about their obligation to provide a unanimous verdict, but the trial court never explained to the jury that the prosecutor's office decides whether or not to seek a new trial. *Id.* at 677, 52 P.3d at 321. The Idaho Supreme Court held that while the trial court did not give a "dynamite instruction," the court's comments "may well have misled the jury." *Id.* Here, Morgan's jury did not ask numerous questions of the court demonstrating pervasive confusion, nor did the court's answers leave the jurors with the impression that if it did not reach a verdict there would not be another trial.

*State v. Timmons*, 141 Idaho 376, 109 P.3d 1118 (Ct. App. 2005), is more analogous to the instant case. In *Timmons*, the jury struggled with coming to a unanimous verdict on one of the counts before it. *Id.* The court suggested the jury adjourn for the evening and come back the next morning for further deliberations, but the jury opted to continue deliberations. *Id.* at 377, 109 P.3d at 1119. Outside of the jury's presence, Timmons' attorney "asked the court to inform the jurors that if they could not reach a unanimous verdict, the court would declare a mistrial and the case would be retried at the behest of the prosecutor." The trial court denied Timmons' request. The jury returned a unanimous decision on each count about one hour later--one guilty and one not guilty. *Id.*

Timmons filed a direct appeal, contending "that the trial court committed error by directing the jury to continue its deliberations without directly answering the jury's query concerning the consequence of an inability to reach a verdict on one count." *Id.* Timmons asserted the resulting verdict was, therefore, coerced and violated her due process rights to a fair and impartial jury. *Id.* Timmons, like Morgan, claimed her case was analogous to *Gomez*.

Applying *State v. Byerly*, 109 Idaho 242, 706 P.2d 1353 (Ct. App. 1985), *overruled on other grounds by State v. Flint*, 114 Idaho 806, 761 P.2d 1158 (1988), the *Timmons* court analyzed whether or not the trial court's comments (1) cast any light on the merits of the case, (2) established a deadline for reaching an ultimate verdict, (3) made any allusions to the undesirability of a retrial, (4) made reference to the time or expense taken to try the case, (5) insisted the jury reveal the numerical division among them, or (6) coerced a minority number of the jurors into surrendering their conscious convictions or beliefs. *Timmons*, 141 Idaho at 378, 109 P.3d at 1120. The court in *Timmons* noted that the trial court's comments did not

5

amount to any of the six areas of concern listed above and were not therefore coercive, nor did they violate Timmons' due process rights. *Id.*

The *Timmons* court also distinguished its case from *Gomez,* finding that "[u]nlike the situation in *Gomez,* where the jurors' many questions evidenced a pervasive confusion, there was no indication of jury confusion in this case, and the court's mere instruction to continue deliberations was not misleading." *Id.* The *Timmons* court held that:

> [A]lthough the jury's note evidenced that the jurors were experiencing some difficulty reaching a verdict on the assault count, neither the note nor the presiding juror's responses to the court's inquiries expressed a conviction that a unanimous verdict was unattainable. Consequently, an instruction on jury deadlocks was unnecessary. We therefore hold that the district court did not abuse its discretion by merely directing the jury to resume deliberations.

*Id.* at 379, 109 P.3d at 1121.

Here, the jury only asked two questions concerning the need for a unanimous verdict. Neither of the court's answers amounted to a "dynamite instruction"; in other words, the court did not (1) cast any light on the merits of the case, (2) establish a deadline for reaching an ultimate verdict, (3) make any allusions to the undesirability of a retrial, (4) make reference to the time or expense taken to try the case, (5) insist the jury reveal the numerical division among them, or (6) coerce a minority number of the jurors into surrendering their conscious convictions or beliefs. *Timmons*, 141 Idaho at 378, 109 P.3d at 1120; *Byerly*, 109 Idaho at 245, 706 P.2d at 1356. In addition, unlike the jury in *Gomez*, Morgan's jurors did not repeatedly inquire whether the defendant would be retried, and the trial court did not provide an evasive response that may have left the Morgan jury with the impression that if it did reach a verdict, there would not be another trial. As such, an instruction on jury deadlocks was not necessary in Morgan's case.

When a post-conviction petitioner claims that his counsel was ineffective for failing to file a motion in his underlying criminal case, as Morgan claims in this case, the court "may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance." *Sanchez v. State*, 127 Idaho 709, 713, 905 P.2d 642, 646 (Ct. App. 1995); *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). "[A] conclusion that the motion, if pursued, would not have been granted, is generally determinative of both prongs of the [Strickland] test." *Huck*, 124 Idaho at 158-59, 857 P.2d at 637-38. Thus, "[i]f the motion lacked merit and would have been denied, counsel

6

ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit." *Id.* Here, the trial court's answers were constitutionally permissible. Thus, a failure of Morgan's counsel to object to those answers or move for a mistrial does not constitute ineffective assistance of counsel.

Morgan failed to establish a prima facie case for ineffective assistance of counsel and the record supports the district court's decision to summarily dismiss Morgan's petition for post-conviction relief. Accordingly, the order of the district court summarily dismissing Morgan's petition for post-conviction relief is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR**.