**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40490**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 330 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL R. GHORMLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction for rape, <u>affirmed</u>.

The Roark Law Firm, Hailey, for appellant. D. Doug Nelson argued.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent. Daphne J. Huang argued.

_____

PERRY, Judge Pro Tem

Daniel R. Ghormley appeals from his judgment of conviction for rape. He specifically alleges that the district court erred in denying his motion for mistrial based on two statements made by the victim. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Ghormley was charged with rape for having vaginal intercourse with the victim while she was unconscious or unable to resist due to an intoxicating, narcotic, or anesthetic substance. I.C. § 18-6101. The victim met with a mutual friend at a local bar. Ghormley and another individual, neither of whom the victim was previously acquainted with, later joined them. Near closing time, the group left to get food and alcohol. They then went to Ghormley's apartment, where he lived with his fiancée, to continue drinking and socializing. The victim became intoxicated and fell asleep in the living room, so Ghormley's fiancée and the victim's friend helped her to a spare bedroom to sleep for the night.

1

After everyone else was asleep, Ghormley went into the bedroom where the victim was staying and proceeded to have intercourse with her while she was unconscious. The victim testified that she only remembered briefly waking up to an unknown individual having intercourse with her from behind before again passing out. Sometime later, she awoke to find herself naked from the waist down and Ghormley lying next to her. She asked Ghormley what had happened, to which he replied that she had just had a bad dream. After immediately calling her stepsister to pick her up, the victim left the apartment and went to a local hospital where a rape examination was performed. Semen was found during the rape examination, and DNA testing identified Ghormley as the source. Ghormley initially denied any knowledge of the incident, but later admitted to his fiancée that he had intercourse with the victim when she was unresponsive and unable to resist. Subsequently, he denied admitting that the victim was unresponsive or unable to resist.

At trial, the victim made two unsolicited statements during her testimony of her belief that she had been drugged. Ghormley objected and moved for a mistrial, arguing that the statements had no basis in the evidence and deprived him of a fair trial. The district court sustained the objection, denied the motion for mistrial, and provided the jury with a curative instruction that the statements were stricken, had no basis in fact, and had to be disregarded. The jury found Ghormley guilty of rape and the district court sentenced him to a unified term of twenty years, with a minimum period of confinement of seven years. Ghormley appeals.

## II.

## ANALYSIS

Ghormely asserts that the district court erred in denying his motion for a mistrial because the victim's two statements of her belief that she was drugged were prejudicial and deprived him of a fair trial. Moreover, he asserts that the curative instruction was insufficient to remedy the prejudicial effects of the testimony. In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983). The threshold inquiry is whether the state introduced error. *State v. Shepherd*, 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct. App. 1993). Under due process, a defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133 (1986). Consequently, error is not reversible unless it is shown to be prejudicial. *Shepherd*, 124 Idaho at 57, 855 P.2d at 894. The error will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction. *State v. Morgan*, 144 Idaho 861, 863-64, 172 P.3d 1136, 1138-39 (Ct. App. 2007).

Ghormley argues that the events leading to his motion for mistrial were the two statements made by the victim regarding her belief that she was drugged. The first statement came during direct examination by the state regarding how long the victim was aware that someone was having intercourse with her, to which she responded, "[j]ust a few seconds, you know. I mean, it--it was, *I swear I was drugged.* It was just a few seconds, literally, like, and then I was just unconscious again." (Emphasis added.) Ghormley did not object to this first statement. The second statement was made during cross-examination of the victim regarding her interview with police about whether she had passed out from alcohol or blacked out due to medication:

| [Defense Counsel]: | And this, when you told [the officer] that this wasn't a passed out from alcohol, you're comfortable with that? |
|---|---|
| [Victim]: | Yes. |
| [Defense Counsel]: | Okay. |
| [Victim]: | *I personally think I was drugged.* |
| [Defense Counsel]: | Your Honor, objection, and we need to talk about this outside the presence of the jury. |

(Emphasis added.) The district court dismissed the jury and Ghormley argued that there was no foundation or basis in the evidence for the victim's opinion and moved for a mistrial. The district court found the testimony to be improper lay opinion under I.R.E. 701 that was unhelpful to the jury and that was substantially more prejudicial than probative. The district court then sustained the objection but denied the motion for mistrial. Instead, the district court struck the testimony from the record and gave the following curative instruction:

> Ladies and gentlemen of the jury, immediately prior to the recess, [the witness] testified that she was of the opinion that she had been drugged. The court has stricken this statement from the record because the witness has no basis in fact for expressing her opinion, and the opinion is therefore inadmissible. Since the answer has been stricken, the jury is instructed that you may not consider the statement in any way in reaching a conclusion in this case.

Ghormley asserts that this instruction was insufficient to cure the prejudicial effect of the improper statements and that the only option was for the district court to grant him a mistrial. We disagree. The introduction of improper evidence does not automatically require the declaration of a mistrial. *See State v. Grantham*, 146 Idaho 490, 498, 198 P.3d 128, 136 (Ct. App. 2008); *State v. Hill*, 140 Idaho 625, 631, 97 P.3d 1014, 1020 (Ct. App. 2004). Where improper testimony is inadvertently introduced into a trial and the trial court promptly instructs the jury to disregard the evidence, it is presumed that the jury obeyed the court's instruction entirely. *State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Boothe*, 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct. App. 1982). However, the curative instruction is but one factor to be considered in determining whether an alleged error is reversible. *State v. Watkins*, 152 Idaho 764, 767, 274 P.3d 1279, 1282 (Ct. App. 2012); *State v. Norton*, 151 Idaho 176, 193, 254 P.3d 77, 94 (Ct. App. 2011). Our ultimate inquiry remains whether the error was harmless or reversible in light of the entire trial. *Watkins*, 152 Idaho at 767, 274 P.3d at 1282; *Norton*, 151 Idaho at 193, 254 P.3d at 94.

Here, the district court's curative instruction, when considered in the context of the entire trial, was sufficient to cure any prejudicial effect the improper statements may have had on the jury. In its instruction, the district court identified the improper statements, struck them from the record, and directed the jury not to consider them. In addition, the district court declared that the

4

victim's opinion had no basis in fact.[1]  Thus, any prejudice created by the improper statements was undone by the district court's curative instruction.

Furthermore, after considering all of the other evidence in the record that supported the jury's verdict, we are convinced that the error did not affect the outcome of the trial.  The evidence presented at trial included the victim's testimony that she awoke after the rape to find Ghormley lying next to her in bed and provided other testimony identifying Ghormley as the perpetrator of the rape.  She also testified that she had not consented to any sexual contact with Ghormley.  The victim's stepsister testified that the victim was visibly distraught when she picked the victim up from Ghormley's apartment in the early morning hours.  Ghormley's former fiancée testified that Ghormley had admitted to her that he had intercourse with the victim when she had not consented and was too intoxicated to fight him off or move.  DNA evidence was introduced matching Ghormley to the semen found in the victim during the rape examination.  Finally, Ghormley testified on direct-examination that he initially lied to police about having intercourse with the victim and admitted on cross-examination that he had not obtained express consent before engaging in intercourse with her.  Thus, there was sufficient evidence to support the jury's verdict, so the statements, though improper, did not contribute to the verdict.

### III.

### CONCLUSION

We are convinced beyond a reasonable doubt that the improper statements did not affect the outcome of the trial.  Based on the totality of the evidence presented, when viewed in the full context of the record and in light of the district court's curative instruction, the victim's statements did not contribute to Ghormley's conviction.  As a result, Ghormley was not deprived

---

[1]     The curative instruction in this case is similar to the instruction this Court approved in *Norton*.  In that case, the defendant was on trial for arson and insurance fraud.  During the trial, a witness for the state made statements implying that the defendant was the cause of a previous fire.  Instead of granting the defendant's motion for mistrial, the district court provided a curative instruction telling the jury that the evidence did not support an inference that the defendant was involved in the fire, directing the jury not to draw any inferences that the defendant was involved in the fire, and informing the jury that the official determination had been that the previous fire was accidental.  *Norton*, 151 Idaho at 192, 254 P.3d at 93.  The district court's instruction here that the victim "had no basis in fact for expressing her opinion" was similar in tone and strength to the instruction in *Norton* and may be viewed to cast doubt on the credibility of the victim's remaining testimony.

of a fair trial, and the district court did not err in denying his motion for a mistrial.  Accordingly, we affirm Ghormley's judgment of conviction for rape.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**