**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43818/43819/44105/44106**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 450** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 27, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JACOB S. DAVIS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for two counts of lewd conduct with child under sixteen, two counts of sexual battery of a minor child sixteen or seventeen years of age, and one count possession of sexually exploitative material, <u>affirmed</u>; judgment of conviction and sentence for one count of failure to notify of address of sexual offender registration, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jacob S. Davis appeals from his judgments of conviction arising from two separate cases that have been consolidated for purposes of appeal. He argues that the district court erred in denying Davis's mistrial motion in one of the cases because the prosecutor committed misconduct. Davis also argues the district court erred during sentencing of the other case because the court considered the improper conviction from the first case when imposing sentence. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Davis was required to register as a sex offender based on prior convictions. When an individual came forward with allegations of theft against Davis, officers became aware that Davis was residing somewhere other than the address where he was registered. Officers were also informed by the same individual that Davis was living with two teenaged boys. After officers conducted interviews with these boys, as well as other witnesses, it was discovered that Davis was sexually involved with the boys. Further investigation revealed that Davis was in possession of sexually exploitative materials.

The State charged Davis in one case (the "sex offender registration case") with failing to provide notice of his change of address for his sex offender registration, Idaho Code §§ 18-8304(1); 18-8309(1), (2), (3); and 18-8311(1). He was also charged with an enhancement for being a persistent violator in that case, I.C. § 19-2514.

In a separate case (the "sexual misconduct case"), the State charged Davis with four counts of lewd conduct with a child under sixteen, I.C. § 18-1508; four counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A; seven counts of possession of sexually exploitative material for other than a commercial purpose, I.C. §§ 18-1507, 18-1507A; and an enhancement for being a repeat sexual offender, I.C. § 19-2520G. As part of this case, Davis filed a motion in limine to exclude evidence of his status as a registered sex offender, which the district court granted.

The two cases proceeded to separate jury trials. In the sex offender registration case, the jury convicted Davis of failing to provide notice of his change of address. The district court postponed sentencing on this case until after completion of the jury trial in the sexual misconduct case.

During the sexual misconduct trial, Davis moved for a mistrial after the prosecutor asked one of the victims a question that resulted in the introduction of inadmissible evidence. The district court denied Davis's motion, and the jury was able to reach a verdict. The jury convicted Davis of two counts of lewd conduct with a child; two counts of sexual battery of a minor; and one count of possession of sexually exploitative materials. In both cases, the enhancements were submitted to the court, which found Davis guilty.

The district court held a combined sentencing hearing for both cases. In the sexual misconduct case, the district court imposed a unified sentence of thirty-five years, with fifteen years determinate, for each of the lewd conduct and sexual battery convictions and a determinate sentence of fifteen years for possession of sexually exploitative material. The court ordered these sentences to be served consecutively. In the sex offender registration case, the district court imposed a unified sentence of forty-five years, with twenty years determinate. The court ordered this sentence to be served concurrently with the sentences imposed in the sexual misconduct case. Davis timely appeals from the judgments entered in both cases.

## II.

## ANALYSIS

Davis raises two issues on appeal. He first argues the district court erred in denying the motion for a mistrial in the sexual misconduct case. Davis next argues the district court abused its discretion in imposing sentence on Davis's sex offender registration conviction. We address each issue in turn.

### A. Denial of Mistrial Motion

Davis contends the district court erred when it denied the motion for a mistrial. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well-established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983). The error will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there

3

was no reasonable possibility that the event complained of contributed to the conviction. *State v. Morgan*, 144 Idaho 861, 863-64, 172 P.3d 1136, 1138-39 (Ct. App. 2007).

Davis argues that the error or "legal defect" in the proceeding that triggered his mistrial motion was the prosecutor's misconduct of eliciting inadmissible testimony during its direct examination of one of the victims, Z.B. During questioning, the prosecutor asked the witness:

> State: And what was the subject of your contact with Idaho State Police?
> Z.B.: It was about [Davis]. They wanted to ask us some questions.
> State: Do you recall how many times you met with Idaho State Police?
> Z.B.: A few.
> State: So were all of those, or I guess the few times that you spoke with Idaho State Police, was it always about [Davis]?
> Z.B.: Yes.
> State: Okay. And what? In what context?
> Z.B.: What do you mean?
> State: Like, what did they want to talk to you about [Davis] about?
> Z.B.: About registered sex offender.

Davis objected immediately after Z.B. made the inadmissible statement and requested a side bar. After reminding the court of its pretrial ruling that evidence of Davis's prior convictions would not be allowed, Davis immediately moved for a mistrial. The State acknowledges that the statement given by Z.B. was inadmissible, but disagrees with Davis's assertion that the testimony resulted from prosecutorial misconduct. The State argues instead that the inadmissible testimony arose inadvertently. Davis asserts no other grounds as the source of the court's error in denying Davis's mistrial motion. Thus, our inquiry begins with, and is limited to, determining whether the prosecutor in this case committed misconduct.

When there has been a contemporaneous objection to purported prosecutorial misconduct, we first determine factually if there was prosecutorial misconduct. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). It is the duty of the prosecutor to ensure that the jury receives only competent evidence. *State v. Severson*, 147 Idaho 694, 715, 215 P.3d 414, 435 (2009). A prosecutor should not attempt to utilize his or her skill and ingenuity to skirt the line of permissible behavior, because in so doing, he or she trespasses upon a defendant's rights. *State v. Skunkcap*, 157 Idaho 221, 234, 335 P.3d 561, 574 (2014).

It is well-established that a prosecutor commits misconduct by deliberately eliciting or attempting to elicit inadmissible testimony. *Field*, 144 Idaho at 572, 165 P.3d at 286. However, Idaho's appellate courts have also considered prosecutorial misconduct in situations where the prosecutor did not deliberately elicit the inadmissible testimony. *See, e.g.*, *State v. Ellington*, 151

4

Idaho 53, 61, 253 P.3d 727, 735 (2011); *State v. Erickson*, 148 Idaho 679, 684, 227 P.3d 933, 938 (Ct. App. 2010).

A prosecutor's inquiry into a line of questioning that has a high probability of eliciting an improper response from the witness may constitute misconduct. *Ellington*, 151 Idaho at 61, 253 P.3d at 735. In *Ellington*, the prosecutor examined an officer about whether he interviewed the defendant at the time of arrest. *Id.* The officer responded, "I attempted to." *Id.* at 59, 253 P.3d at 733. In reviewing this claim of prosecutorial misconduct, the Court held that the response carried an impermissible inference that the defendant had exercised his right to remain silent. *Id.* at 61, 253 P.3d at 735. The Court not only held that the answer violated the defendant's constitutional rights, but also deemed it significant that the State could provide no justification for why the line of questioning was relevant. *Id.* The Court held that the prosecutor committed misconduct by inquiring into this line of questioning that had a high probability of eliciting an improper response. *Id.*

It may also constitute misconduct if a prosecutor phrases a question in such a way as to infer an inadmissible answer. *Erickson*, 148 Idaho at 684, 227 P.3d at 938. In *Erickson*, the trial court ruled that evidence of the defendant's prior use or possession of drugs would be inadmissible. *Id.* at 683, 227 P.3d at 937. During trial, the prosecutor asked a witness whether he knew if there were any illegal substances found in the defendant's vehicle. *Id.* This Court held that the question itself informed the jury that drugs were found in the defendant's vehicle. *Id.* at 684, 227 P.3d at 938. Thus, the prosecutor's conduct of phrasing the question in a manner that inferred an inadmissible answer constituted misconduct. *Id.*

Turning to this case, we are persuaded that the facts are readily distinguishable from the instances of prosecutorial misconduct in both *Ellington* and *Erickson*. While laying foundation for Z.B.'s testimony regarding his allegations of Davis's sexual misconduct made to officers, the prosecutor asked Z.B, "Like what did [the officers] want to talk to you about [Davis] about?" Z.B. replied, "About registered sex offender."

This line of questioning by the State was for the purpose of laying foundation for the conversation between Z.B. and the officers during the police interview. Although the prosecutor's phrasing of the question was broad, we are unable to conclude that the question was an attempt to elicit the inadmissible response that Z.B. gave. Following Davis's objection, the prosecutor again questioned Z.B., specifically inquiring into Z.B.'s knowledge of the video

5

found in Davis's possession. Unlike the line of questioning in *Ellington*, which had a high probability of eliciting an improper response, we are not persuaded that inquiring into the topic of conversation between Z.B. and officers had a high probability of eliciting the inadmissible inference of Davis's status as a registered sex offender.

Moreover, unlike the misconduct in *Erickson*, where the prosecutor's question carried an inference of an inadmissible answer, here the prosecutor's question carried no impermissible inference. There is no evidence in the record that the prosecutor intended to skirt the court's pretrial ruling excluding evidence of Davis's prior incarcerations. Additionally, there is no evidence in the record that the prosecutor allowed multiple incidents of inadmissible testimony to be introduced through careless questioning methods. We therefore conclude that the statement offered by Z.B. does not evidence misconduct by the prosecutor.

Because Davis's argument on appeal was limited to prosecutorial misconduct as the basis for the district court's error in denying Davis's mistrial motion, we need not address any other grounds for finding error. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Finding no prosecutorial misconduct, we need not address the second part of the inquiry--that the purported misconduct constituted reversible error. Accordingly, the district court did not err in denying Davis's motion for a mistrial.

**B.    Sentencing**

Finally, Davis argues the district court abused its discretion in imposing sentence on the sex offender registration conviction. Davis does not challenge his sentences on the charges in the sexual misconduct case. For the sex offender registration conviction, the district court imposed a unified sentence of forty-five years, with twenty years determinate.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In fashioning a sentence, a court may consider evidence of a defendant's criminal history, including unproven or previously dismissed charges. *See* Idaho Criminal Rule 32(b)(2), (e)(1); *State v. Campbell*, 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct. App. 1993).

Davis contends that because the district court erred in denying Davis's motion for a mistrial in the sexual misconduct case, the court was not permitted to consider those convictions

6

as aggravating factors in imposing its sentence for the sex offender registration case. Davis's assignment of error in the district court's sentence hinges entirely upon this Court finding error in the district court's denial of Davis's mistrial motion and the corresponding proposed remedy of vacating those convictions. However, as discussed above, Davis did not meet his burden of showing that the district court erred in denying the mistrial motion. Because we do not vacate those convictions, we are unpersuaded by Davis's contention that the district court abused its discretion in considering those convictions as aggravating factors. Therefore, we uphold Davis's sentence for the failure to notify of address of sexual offender registration conviction.

## III.

## CONCLUSION

The improper testimony of victim Z.B. introduced during trial did not constitute prosecutorial misconduct. Thus, the district court did not err in denying Davis's motion for a mistrial. Moreover, the district court properly considered evidence of Davis's convictions as aggravating factors during sentencing. Accordingly, Davis's judgments of convictions and sentences are affirmed.

Judge MELANSON and Judge HUSKEY **CONCUR**.